THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SARBJIT SINGH, | ) | Case No. 2:17-cv-00036 DS |
| Petitioner, | ) | |
| | ) | MEMORANDUM DECISION |
| vs. | ) | AND ORDER |
| JEFFERSON B. SESSIONS III, et al., | ) | |
| | ) | |
| Respondents. | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Sarbjit Singh has filed a Petition for Review of Denial of Application for Naturalization under 8 U.S.C. § 1421(c).[1] In it he challenges the Department of Homeland Security United States Citizenship and Immigration Services' ("USCIS") denial of his naturalization application (Form N-400) based on its finding that he was not lawfully admitted because his birth certificate and the death certificate of his prior wife in India, submitted at the time of his admission, were determined by USCIS to be fraudulent.

Mr. Singh requests that the Court remand this matter to USCIS and order it to process his naturalization application without regard to whether his admission to

---

[1] Section 1421(c) provides:
A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

permanent residence was lawful at the time. Alternatively, he request that the Court: (1) find that he meets the requirements of naturalization, (2) approve his naturalization, (3) administer the oath, and/or (4) order Respondents to schedule an oath ceremony within thirty days, and issue him a naturalization certificate.

Respondents move to dismiss the Petition for a number of reasons, including jurisdictional mootness. For the reasons that follow, Respondents' Motion to Dismiss is granted for lack of jurisdiction.

## II. FACTUAL BACKGROUND

Mr. Singh is a native and citizen of India. He entered the United States at El Paso, Texas on May 27, 1996. On March 3, 1997 he applied for asylum which later was denied because his claims about persecution in India were found not credible. While in immigration proceedings, Mr. Singh met and married Diana Ramirez. They were married on January 22, 2001. On February 28, 2001, Diana Ramirez, a U.S. Citizen, filed an I-130 alien relative petition with the USCIS on Petitioner's behalf. Petitioner concurrently filed a Form I-485 application to register permanent residence or adjust status. The parties submitted with those filings a death certificate for Mr. Singh's former spouse in India, Sukhwinder Kaur, to establish his legal ability to marry his current spouse Diana Ramirez, and Mr. Singh's Indian birth certificate.

The USCIS granted the I-130 petition for alien relative on December 28, 2005. On February 10, 2006, the immigration judge in Mr. Singh's immigration proceedings granted his I-485 application to register permanent residence or adjust status.

On March 1, 2006. fewer than 30 days later, Mr. Singh filed for divorce. The divorce became final on January 19, 2007. And on February 25, 2007, Mr. Singh married his third

2

wife, Kiran. He filed an I-130 petition for alien relative on behalf of his new wife Kiran, along with a copy of her birth certificate. In connection with that filing, USCIS renewed its attempts to authenticate all documentation submitted by Mr. Singh. In a letter dated July 28, 2008, the Indian government responded that Mr. Singh's birth certificate was fraudulent. And on August 11, 2011, USCIS was informed by the Indian government that the death certificate provided for Mr. Singh's former spouse also was fraudulent.

The USCIS subsequently determined the Mr. Singh had procured his I-130 petition for alien relative, filed by Diana Ramirez, through fraud, and that because he was never lawfully adjusted to permanent resident status due to fraud, he was statutorily ineligible to naturalize.

On October 8, 2015, the USCIS formally denied Mr. Singh's naturalization application, and reaffirmed its denial on September 15, 2016.

Mr. Singh filed his Petition in this court on January 12, 2017. And on June 13, 2017, the USCIS placed him in removal proceedings based on its finding that he procured his admission through fraud.

### III . DISCUSSION

Resolution of this matter requires an examination of the interplay among three statutory provisions, 8 U.S.C. §§ 1421(a) & (c) and 1429. Section 1421(a) confers upon the Attorney General, now USCIS[2], the "sole authority" to naturalize individuals. As

---

[2] Although 8 U.S.C. §§ 1421 and 1429 continue to refer to the "Attorney General", the Homeland Security Act of 2002 transferred authority for adjudicating naturalization applications from the Commissioner of the legacy Immigration and Naturalization Service, formerly a component of the Department of Justice, to the Director, USCIS, a component of the Department of Homeland Security. Pub. L. No. 107-296 § 451(b), 116 Stat. 2192-95 (2002).

previously noted, section 1421(c) grants the right of judicial review to individuals whose naturalization applications have been denied after a hearing before an immigration officer. And section 1429 prevents the attorney general from deciding a naturalization application while a removal proceeding is ongoing.[3]

After examining the pleadings and the relevant case authority, the Court is persuaded by an unpublished decision by the Tenth Circuit that this matter must be dismissed because it does not satisfy the jurisdictional requirements of Article III of the Constitution. *See Awe v. Napolitano*, 494 Fed. Appx. 860 (10th Cir. 2012) (dismissing for lack of Article III jurisdiction plaintiff's challenge to the denial of his naturalization application because the district court could no longer grant effective relief under 8 U.S.C. § 1429).

In *Awe*, petitioner, a lawful permanent resident, filed a naturalization application which was denied by the USCIS. Mr. Awe filed a petition for review in the district court under § 1421(c) and was subsequently placed in removal proceedings. On appeal the Tenth Circuit agreed with the district court that it had statutory jurisdiction and that § 1429 precludes any effective judicial relief. However, it affirmed the district court's dismissal on the alternate ground of constitutional mootness, rather than for failure to state a claim upon which relief can be granted. The judgment of the district court was vacated and the matter remanded with instructions to dismiss without prejudice for lack of jurisdiction.

---

[3] "[N]o application of naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest ...." 8 U.S.C. § 1429.

This Court adopts the analysis of the *Awe* Court which, after surveying the state of relevant law, opined as follows.

> We agree with the shared conclusion of the Third, Sixth, and Ninth Circuits that **§ 1429 does not strip district courts of jurisdiction over petitions regarding naturalization applications**. Plainly, the statutory prohibition refers only to the Attorney General (read: the Secretary of Homeland Security). **We also agree with the majority view** of the Second, Fifth, Sixth, and Ninth Circuits **that removal proceedings, whether in process at the time a § 1421(c) petition is filed or initiated thereafter, effectively bar federal consideration of § 1421(c) petitions by virtue of § 1429.** However, **our conclusion** as applied to Mr. Awe **rests on the doctrine of constitutional mootness**, not whether there has been a failure to state a claim upon which relief can be granted.
>
> As we aptly summarized in *Jordan v. Sosa*, **the doctrine of constitutional mootness requires that a "controversy must remain alive at the trial and appellate stages of the litigation."** 654 F. 3d at 1024 (internal quotation marks omitted). The focus is on "whether conclusive relief may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action." *Id*. (internal quotation marks omitted). **To avoid mootness, a case must be "amenable to specific relief."** *Id.* (emphasis and internal quotation marks omitted).
>
> **The initiation of removal proceedings against Mr. Awe rendered his § 1421(c) petition moot. A ruling by the district court ordering the USCIS to grant Mr. Awe's naturalization application, which was the substantive focus of his prayer for relief, would be ineffective because of § 1429's prohibition on agency action during the pendency of removal proceedings.** Thus, the initiation of removal proceedings constituted a "change of circumstances" that precluded any "conclusive" or "specific relief" by the district court. *Id.*
>
> Furthermore, on these facts, we do not discern the applicability of any recognized exceptions which would preclude our determination that the case is moot. This is not an instance where defendants have voluntarily ceased the offending conduct. ... Nor is it one where defendants' challenged conduct is capable of repetition yet would evade review. ...
>
> **And although he did not ask for declaratory relief, such relief also would succumb to mootness.** "[W]here a plaintiff seeks a declaratory judgment against his opponent, **he must assert a claim for relief that, if**

> **granted, would affect the behavior of the particular parties** listed in his complaint." *Id*. at 1025. Plainly, **a declaration by the district court that Mr. Awe met all the requirements for naturalization could not affect the behavior of the Secretary of Homeland Security because § 1429 bars her from acting.** ...
>
> Finally, to the extent Mr. Awe suggests that the Secretary of Homeland Security can avoid judicial review under § 1421(c) by initiating removal proceedings after the denial of a naturalization application, we are not at liberty to cast aside jurisdictional requirements of the Constitution or the statutory bar of § 1429. This concern is appropriately addressed to Congress.

*Awe v. Napolitano*, 494 Fed. Appx. at 865-867 (emphasis added).

As noted, Mr. Singh requests that the Court remand this matter to USCIS and order it to process his naturalization application without regard to whether his admission to permanent residence was lawful at the time. Because removal proceedings have commenced, USCIS cannot grant Petitioner the specific relief he seeks due to the statutory bar of § 1429. Consequently, any such order by this Court would be ineffective and, therefore, renders his request moot.

Petitioner, in the alternative, requests that the Court: (1) find that he meets the requirements of naturalization, (2) approve his naturalization, (3) administer the oath, and naturalize him, and/or (4) order Respondents to schedule an oath ceremony within thirty days, and issue him a naturalization certificate. Mr. Singh's alternative request for declaratory relief is similarly moot. The sole authority to naturalize persons as citizens lies

with USCIS. 8 U.S.C. § 1421(a).[4]  Further, as the *Awe* Court noted, declaratory relief must affect the behavior of the parties.  Mr. Singh, in essence, seeks the Court's declaration that he meets the requirements for naturalization and to approve his naturalization.  Any such declaration, or other similar decree, from this Court regarding Mr. Singh's naturalization status,  cannot affect the behavior of Respondents because § 1429 bars them from acting.

And just as was observed in *Awe*, none of the exceptions to mootness apply here

## IV.  CONCLUSION

The Court having considered Respondents' Motion to Dismiss (ECF No. 18) and good cause appearing,  the Motion is granted.  Accordingly, Mr. Singh's Petition for Review of Denial of Application for Naturalization is dismissed without prejudice for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 18th day of January, 2018

BY THE COURT:

*[signature]*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] *See also McKenzie v. U.S. Citizenship & Immigration Servs.*, *Dist. Director*, 761 F.3d 1149, 1153 (10th Cir. 2014) (citations omitted), *cert. denied*, 136 S. Ct. 970 (2015)):

> The Immigration Act, however, amended § 1421(a) to transfer authority over naturalization from the judiciary to the Attorney General. ... Through delegation, the Attorney General's authority over naturalization now is exercised by USCIS. ... The Act declares that "[n]o court shall have jurisdiction, under [repealed § 1421(a)], to naturalize a person unless a petition for naturalization with respect to that person has been filed with the court before October 1, 1991."